Percy Levar WALTON, Petitioner,

v.

Gene JOHNSON, Director Virginia Department of Corrections, Respondent.

No. CIV.A. 7:03CV00347.

United States District Court, W.D. Virginia. Roanoke Division.

March 4, 2004.

Jennifer L. Givens, Virginia Capital Representation Resource Center, Charlottesville, VA, for Petitioner.

Robert Q. Harris, Office of Attorney General, Richmond, VA, for Respondent.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

WILSON, Chief Judge.

Today, after considerable factual development, this court has dismissed Percy Levar Walton's authorized successive petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 maintaining that his pending execution would be cruel and unusual punishment because he is mentally retarded and incompetent to be executed. This court denied his earlier petition asserting different grounds. On May 25, 2003 this court stayed Walton's scheduled May 28, 2003 execution date noting that:

> Principles of federalism ordinarily would caution this court against intervening without review by the courts of the Commonwealth of Virginia. Those courts would ordinarily have the opportunity to resolve such an important issue first, and their findings would be entitled to great deference. Here, however, **Virginia has deliberately surrendered this matter to this court.** On April 2, 2003, Virginia passed a statute effective May 1, 2003 that provides that a person who has completed direct appeal and state habeas review is not entitled to file an additional habeas petition claiming that he is mentally retarded. According to the statute, "his sole remedy shall lie in federal court." *Virginia Acts of Assembly,* 2003 Sess., S. 1239; § 8.01–

654.2. Given this court's responsibility of plenary review, it will act only after appropriate deliberation upon sufficient information.

*Walton v. Johnson,* 7:03–CV–00347 (May 25, 2003) (Emphasis added). Similarly, the respondent necessarily conceded that Virginia has no procedure to review Walton's claim that he is incompetent to be executed.

The proper balance and distribution of authority in a federal system is not a trivial matter or a matter of passing importance. The structure of government, like the Bill of Rights, establishes limitations on the exercise the power. This balance requires, however, the states to apply the United States Constitution no matter how inconvenient it might be. Here, Virginia has precluded post-conviction review of two viable, fundamentally important and basic constitutional questions forcing plenary review by a federal habeas court. Under the circumstances, the respondent should be required to show cause why he should not bear the cost and expense of these proceedings, including but not limited to reimbursement for the court's appointed expert pursuant to Fed. R.Evid. 706(b).

Accordingly, it is **ORDERED and AD-JUDGED** that the respondent shall show cause within 10 days from this date as directed.